| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>20-CV-2011-900113.00 | FILED<br>2011 Jun-24  AM 10:33<br>U.S. DISTRICT COURT<br>N.D. OF ALABAMA |
|---|---|---|---|

## IN THE CIVIL COURT OF COLBERT, ALABAMA
## SUSANNA BURKETT v. THE L.E. MYERS CO. ET AL

THE L.E. MYERS CO., C/O C T CORPORATION SYSTE 2 N. JACKSON ST.,STE 605, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DOUGLAS B. HARGETT

WHOSE ADDRESS IS 201 North Water Street, Tuscumbia, AL 35674

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    SUSANNA BURKETT
   pursuant to the Alabama Rules of the Civil Procedure

5/25/2011 9:34:58 AM          /s NANCY L. HEARN          _____
Date                          Clerk/Register                      By

☑ Certified mail is hereby requested    /s DOUGLAS B. HARGETT
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                      Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>20-CV-2011-900113.00 |
|---|---|---|

### IN THE CIVIL COURT OF COLBERT, ALABAMA
### SUSANNA BURKETT v. THE L.E. MYERS CO. ET AL

MYR GROUP INC., C/O C T CORPORATION SYSTE 208 S.LASALLE ST.,STE 814, CHICAO, IL 60604

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DOUGLAS B. HARGETT

WHOSE ADDRESS IS 201 North Water Street, Tuscumbia, AL 35674

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   SUSANNA BURKETT
   pursuant to the Alabama Rules of the Civil Procedure

| 5/25/2011 9:34:58 AM | /s NANCY L. HEARN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s DOUGLAS B. HARGETT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____

Date                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>20-CV-2011-900113.00 |
|---|---|---|

### IN THE CIVIL COURT OF COLBERT, ALABAMA
### SUSANNA BURKETT v. THE L.E. MYERS CO. ET AL

WILLIAM L. JOHNSON JR., 201 SOUTH 4TH STREET, BOONEVILLE, MS 38829

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DOUGLAS B. HARGETT

WHOSE ADDRESS IS 201 North Water Street, Tuscumbia, AL 35674

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    SUSANNA BURKETT
    pursuant to the Alabama Rules of the Civil Procedure

| 5/25/2011 9:34:58 AM | /s NANCY L. HEARN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s DOUGLAS B. HARGETT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                              Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>20-CV-2011-900113.00 |
|---|---|---|

IN THE CIVIL COURT OF COLBERT, ALABAMA
SUSANNA BURKETT v. THE L.E. MYERS CO. ET AL

LYLE WHITEHEAD, 208 COUNTY RD 3321, BOONEVILLE, MS 38829
NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DOUGLAS B. HARGETT

WHOSE ADDRESS IS 201 North Water Street, Tuscumbia, AL 35674

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    SUSANNA BURKETT
   pursuant to the Alabama Rules of the Civil Procedure

| 5/25/2011 9:34:58 AM | /s NANCY L. HEARN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s DOUGLAS B. HARGETT
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                   Server's Signature

ELECTRONICALLY FILED
5/25/2011 9:34 AM
CV-2011-900113.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

SUSANNA BURKETT,

    Plaintiff,

               CIVIL ACTION NO.:

v.              CV-2011-_____

THE L.E. MYERS CO., MYR GROUP INC.,
WILLIAM L. "MIKE" JOHNSON, JR., and
LYLE WHITEHEAD,

    Defendants.

---

## COMPLAINT

---

   COMES NOW, Plaintiff SUSANNA BURKETT ("Ms. Burkett" or "Plaintiff"), pursuant to Rules 8 and 12 of the Alabama Rules of Civil Procedure, and states her Complaint against Defendants THE L.E. MYERS CO. ("L.E. Myers"), MYR GROUP INC. ("MYR Group"), WILLIAM L. "MIKE" JOHNSON, JR. ("Mr. Johnson"), and LYLE WHITEHEAD ("Mr. Whitehead" collectively "Defendants") as follows:

### THE PARTIES

   1.  Plaintiff Susanna Burkett is over the age of 19 years and a resident of Lauderdale County, Alabama.

   2.  Defendant L.E. Myers is a Delaware corporation doing business in Colbert County, Alabama.

   3.  Defendant MYR Group is a Delaware corporation doing business in Colbert County, Alabama.

   4.  Defendant Mr. Johnson is an individual over the age of 19 years old who resides in Prentiss County, Mississippi, and is employed in Colbert County, Alabama.

5.     Defendant Mr. Whitehead is an individual over the age of 19 years old who resides in Prentiss County, Mississippi, and is employed in Colbert County, Alabama.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this civil action pursuant to Alabama Code §§ 12-11-30 to 12-11-31 because the matter in controversy exceeds $10,000.00, exclusive of interest and costs.

7.     Defendants are subject to the jurisdiction of this Court because they have conducted and continue to conduct business in Colbert County, Alabama; they committed torts in or aimed at Alabama that damaged an Alabama resident in Colbert County; and/or they have otherwise availed themselves to the jurisdiction of this Court through their substantial contacts in and with Colbert County, Alabama.

8.     Venue is proper in this Court pursuant to Alabama Code §§ 6-3-2 and 6-3-7.

## FACTS COMMON ON ALL COUNTS

9.     In March, 2009, Ms. Burkett, a then 24-year-old single, white, female, was recruited away from her prior employer, Johnson Service Group, Inc., a contractor of the Tennessee Valley Authority, to work for L.E. Myers and MYR Group as a Contract Consultant at their Colbert County, Alabama office location.

10.     Mr. Johnson, the local office supervisor of Defendants, promised Ms. Burkett better salary and benefits, a low-stress work atmosphere, and assured her that that she "would be well taken care of" by Defendants.  Relying on these assurances, Ms. Burkett began working for Defendants on or about March 16, 2009.

2

11.     Ms. Burkett was hired to replace an older woman who briefly trained Ms. Burkett to take her position with Defendants.  Thereafter, Ms. Burkett was the only female in the office.

12.     Within a short time, Ms. Burkett began being subjected to severe, pervasive, physical, verbal and emotional harassment that continued throughout her employment, which included, but was not limited to, repeated sexual advances being made toward her by her supervisors and officers, employees, agents and/or representatives of L.E. Myers and MYR Group.  Defendants touched Ms. Burkett and put their hands on her against her will, and they repeatedly commented on her appearance and told her about their sex lives.  Ms. Burkett indicated that these actions were not welcome, but Defendants did not stop.  After repeated reports by Ms. Burkett, Defendants began to compel her to do work designed to belittle and humiliate her and cause her to quit.  Ms. Burkett was terminated by Defendants in March, 2011, as a direct result of her having reported Defendants' outrageous conduct.

13.     Defendants allowed the male-dominated office, many of whom were family members, business partners and friends, to abuse, humiliate and degrade Ms. Burkett on a regular, repeated and ongoing basis.  In the process, Defendants ignored their own corporate policies and procedures regarding appropriate workplace behavior and applicable law.

14.     In the summer of 2009, Mr. Whitehead and Mr. Johnson began putting their arms around Ms. Burkett, grabbing Ms. Burkett around the hips and backside, and pulling Ms. Burkett toward them in a sexually provocative and vulgar manner over Ms. Burkett's objection.  Ms. Burkett physically pulled away from Defendants when touched, making clear that their physical touches were repugnant to her.

3

15.     During this same time period, Mr. Johnson began following Ms. Burkett to her car in the evenings after work.  Even though he was then married, Mr. Johnson would ask Ms. Burkett when she was going to let him take her out on a date.  Mr. Johnson confided in Ms. Burkett that his personal and family life were not going well and shared intimate details about his unhappy marriage and sex life with her.  Mr. Johnson divorced his wife a few months later in or around January, 2010.

16.     In August, 2009, Ms. Burkett began dating her then boyfriend.  Mr. Johnson told Ms. Burkett that he could tell that she and her boyfriend did not have the same "sex drive."  Mr. Johnson further stated that he and Ms. Burkett had the same "sex drive" and requested Ms. Burkett to have sex with him through physical and verbal gestures and comments.

17.     While in the office, Mr. Johnson repeatedly attempted to and did look down Ms. Burkett's shirt, and requested Ms. Burkett to "lean on over a little further" when she was talking to him so he could see down her shirt.  Mr. Johnson physically touched Ms. Burkett on a regular basis on the arms, shoulders, back, legs and backside by, among other things, pretending something was on her shirt or pants.  Mr. Johnson frequently grabbed Ms. Burkett by her belt loops and would ask what kind of jeans she had on, made comments regarding her backside and chest, and inappropriately touched her body.

18.     Ms. Burkett was afraid to tell Mr. Johnson to stop these actions for fear that she would lose her job.  Instead, she told Mr. Jason Smith ("Mr. Smith"), her immediate supervisor, about the advances and how uncomfortable they made her feel.  Mr. Smith communicated this to his supervisor Mr. Johnson.  However, Mr. Johnson ignored these complaints and continued to tell Ms. Burkett that she "looked sexy," that her "jeans looked good on her," and that those are the "best looking jeans you own" on a repeated basis throughout 2009, in addition to touching her in a

4

sexually provocative, inappropriate and unwelcome manner.

19.     In November, 2009, Ms. Burkett was using an air duster to clean her computer keyboard.  Mr. Whitehead came to her office door, and Ms. Burkett sprayed the air toward him from several feet away to tell him to go away.  Mr. Whitehead then commented, "You're going to give me a blow job, and I didn't even ask for it?"  Ms. Burkett was humiliated and sickened by the comment and immediately informed Mr. Smith.  Mr. Smith recommend that they go together to tell Mr. Johnson about this comment, which they did.  Mr. Johnson laughed out loud about the comment and did nothing to correct the problem.

20.     Following the "blow job" comment, Mr. Whitehead continued hugging, touching and making unwelcome sexual advances toward Ms. Burkett.  Ms. Burkett again told Mr. Johnson that this behavior was making her uncomfortable.  Mr. Johnson mentioned this to Mr. Whitehead, which caused Mr. Whitehead to become openly hostile, verbally abusive and vindictive toward Ms. Burkett.  Mr. Whitehead began stalking Ms. Burkett at the office to try to catch her doing something he thought was wrong.  Prior to this time, Ms. Burkett had never been criticized in any manner regarding the quality of her job performance or work habits.

21.     Ms. Burkett's reports of sexual harassment against Mr. Johnson and Mr. Whitehead caused her to be subjected to a demeaning and openly hostile environment where she was threatened and intimidated by Defendants to prevent her from making any future reports of harassment.  Even though these incidents were reported, no action was taken by Defendants to address or correct them.

22.     On June 16, 2010, Mr. Whitehead initiated a verbal attack against Ms. Burkett concerning the shoes she wore in her office.  Fearing for her safety, job and general physical and emotional well-being, the following day, Ms. Burkett went to Mr. Johnson to discuss the attack and

5

inappropriate sexual advances that she had been subjected to by Defendants.  Mr. Johnson defended

the sexual advances made by Defendants.  Ms. Burkett tearfully told Mr. Johnson that the harassing

behavior, sexual advances and touching must stop.  Ms. Burkett also described to Mr. Johnson how

Mr. Whitehead had stalked her around the office and attempted to catch her doing something wrong

in retaliation for her previous reports.  Mr. Johnson ignored Ms. Burkett, got angry with her, and

yelled at her.  Mr. Johnson did nothing to stop the harassing behavior and completely disregarded

her complaints.

23.     Before leaving the office on June 17, 2010, Ms. Burkett spoke with Mr. Smith and

told him that she felt that she had no other choice but to go over Mr. Johnson's head to report the

problems because Mr. Johnson had failed and/or refused to take any action to correct the harassment

and because Mr. Johnson and Mr. Whitehead continued to harass her.  Ms. Burkett told Mr. Smith

that she could not continue to work in that type of environment.

24.     On June 21, 2010, Ms. Burkett reported all of the above-referenced harassing

behavior of Defendants to Mr. Paul "George" Curry ("Mr. Curry"), district or regional manager for

Defendants located in a different office.  She told him about the harassment, how it had been

ongoing and progressively gotten worse, and how nothing had been done to correct the problem.  Mr.

Curry told Ms. Burkett that documentation of her reports should have been placed in Defendants'

employee files.  Mr. Curry stated that he would speak with Mr. Johnson and Mr. Whitehead about

the sexual advances, touching and other harassing behavior.  Mr. Curry admitted to Ms. Burkett that

the situation had not been handled properly.

25.     Following Ms. Burkett's conversation with Mr. Curry, Mr. Johnson required Ms.

Burkett to perform jobs aimed at belittling and harassing her, including, but not limited to, sorting

6

five-gallon buckets of rusty bolts and parts, and vacuuming, sweeping and mopping the office floors and cleaning Mr. Johnson's office became her primary responsibility as Defendants watched and stared at her as she worked.  Ms. Burkett was also required to perform personal work for the individual Defendants' related to jobs that they worked outside of L.E. Myers and MYR Group on a part-time basis.

26.     Even after this time, Mr. Johnson continued to tell Ms. Burkett that she "looked sexy" and that her "jeans looked good on her," in addition to physically touching her.  Mr. Johnson regularly commented about Ms. Burkett's shirt and chest.  Ms. Burkett objected to these advances and comments and pulled away when touched by Mr. Johnson.

27.     On March 16, 2011, without any prior notice, Mr. Johnson told Ms. Burkett that "we're having a layoff tomorrow, and you're in it."  Mr. Johnson indicated that Ms. Burkett would be terminated effective at noon, March 17, 2011.  Ms. Burkett learned that she was the only employee terminated by Defendants as part of the alleged reduction in force.  This termination was done in retaliation for Ms. Burkett reporting the sexual advances and harassing behavior directed toward her by Defendants and to silence future reports.

## COUNT I – INTENTIONAL, WANTON AND NEGLIGENT SEXUAL HARASSMENT

28.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

29.     Ms. Burkett alleges that Defendants intentionally, wantonly and negligently harassed her causing her to suffer substantial damages.

30.     The damages suffered by Ms. Burkett were the direct and proximate result of Defendants actions or failure to act.

## COUNT II – INVASION OF PRIVACY

31.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

32.     Defendants' comments, physical touching, and intimidating and demeaning behavior violated Ms. Burkett's right to privacy.  This behavior intruded into and interfered with Ms. Burkett's interest in solitude and seclusion and intruded into her private affairs.

33.     Defendants proximately caused Ms. Burkett to suffer emotional and mental distress, shame, anxiety, humiliation and embarrassment.

## COUNT III – OUTRAGE

34.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

35.     Defendants' conduct toward Ms. Burkett was extreme and outrageous.

36.     Defendants proximately caused Ms. Burkett harm emotional distress such that no reasonable person could be expected to endure.  Defendants' conduct was so extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

37.     Defendants knew or should have known that emotional distress was likely to result from their conduct with regard to Ms. Burkett.

38.     Defendants' actions caused Ms. Burkett to suffer damages and severe distress and bodily harm, and Defendants knew or should have known that their actions would have this affect on Ms. Burkett.

## COUNT IV – INFLICTION OF EMOTIONAL DISTRESS

39.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

40.     Defendants intentional and/or reckless conduct was intended to and did inflict emotional distress to Ms. Burkett, causing her to suffer severe emotional distress and bodily harm.

41.     The conduct of Defendants was so severe and outrageous that no reasonable person should be expected to endure it.

## COUNT V – ASSAULT AND BATTERY

42.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

43.     Defendants' physical contact with Ms. Burkett was done with rudeness, anger and/or in a hostile manner constituting a civil assault and battery, causing Ms. Burkett to suffer emotional distress, shame, anxiety, humiliation, embarrassment, and physical and sexual abuse.

## COUNT VI – NEGLIGENT AND WANTON TRAINING

44.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

45.     Defendants negligently and wantonly trained the individual Defendants concerning sexual harassment, Defendants' sexual harassment policy, sexual assault and proper conduct in the workplace.

46.     The negligent and wanton training proximately caused Ms. Burkett to be sexually harassed and physically, emotionally and sexually abused by Defendants.

## COUNT VII – NEGLIGENT AND WANTON INVESTIGATION

47.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

48.     Defendants negligently and wantonly investigated the allegations of sexual harassment, sexual assault and physical, emotional and sexual abuse made by Ms. Burkett.

49.     The negligent and wanton investigation proximately caused Ms. Burkett to be sexually harassed.

## COUNT VIII – NEGLIGENT AND WANTON SUPERVISION

50.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

51.     Ms. Burkett alleges that Defendants had knowledge that Ms. Burkett was being harassed.

52.     Defendants negligently or wantonly failed to take appropriate actions to supervise its representatives, employees and/or agents.

53.     Defendants negligence and/or wantonness proximately caused Ms. Burkett to be sexually harassed and subjected to work in a hostile work environment.

## COUNT IX – NEGLIGENT AND WANTON RETENTION

54.     Ms. Burkett adopts and incorporates by reference the allegations set forth herein, as if set forth herein in their entirety.

55.     Defendants had knowledge of the propensity of the above-referenced individual Defendants to sexually harass female employees, of the individual Defendants' actual harassment of Ms. Burkett, and the individual Defendants' hostile and abusive treatment of Ms. Burkett.

10

56.     Defendants negligently and wantonly failed to remove the individual Defendants from position as representatives, employees and/or agents of Defendants when they learned of the individual Defendants' behavior.

57.     Defendants' decision to retain the individual Defendants as representatives, employees and/or agents working in an office with Ms. Burkett proximately caused Ms. Burkett to suffer sexual harassment.

## RELIEF REQUESTED ON ALL COUNTS

WHEREFORE, PREMISES CONSIDERED, Ms. Burkett respectfully requests the Court to conjunctively and/or in the alternative, as the Court deems appropriate, enter the following relief:

(a)     compensatory, punitive, consequential and incidental damages caused by Defendants' wrongful acts and/or omissions;

(b)     damages for lost wages, loss of past and future benefits, loss of employment opportunity, loss of future wages and loss of other employment related benefits;

(c)     damages for mental anguish and emotional distress, shame, anxiety, humiliation and embarrassment;

(d)     damages for loss of enjoyment of life resulting from Defendants' wrongful acts and/or omissions;

(e)     equitable and other relief in favor of Ms. Burkett to remedy Defendants' legal violations and the harm caused to Ms. Burkett;

(f)     attorneys' fees, expenses and costs; and

(g)     grant such other and further relief as the Court deems just and proper.

11

## JURY DEMAND

Ms. Burkett hereby demands a trial by struck jury on all claims asserted herein or that may

be asserted in any subsequent amendment hereto.

Respectfully submitted this 25th day of May, 2011.

s/ Douglas B. Hargett
Douglas B. Hargett (HAR278)
dhargett@halltanner.com


s/ G. Rick Hall
G. Rick Hall (HAL043)
rhall@halltanner.com


s/ J. Michael Tanner
J. Michael Tanner (TAN004)
mtanner@halltanner.com

**OF COUNSEL:**

**HALL | TANNER | HARGETT | P.C.**
201 North Water Street
Tuscumbia, Alabama 35674
Telephone:  256-381-7750
Fax:  256-381-4449

**<u>SERVE DEFENDANTS VIA CERTIFIED MAIL:</u>**

The L.E. Myers Co.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

MYR Group Inc.
c/o C T Corporation System
208 South Lasalle Street, Suite 814
Chicago, Illinois 60604

Mr. William L. Johnson, Jr.
201 South 4th Street
Booneville, Mississippi 38829

Mr. Lyle Whitehead
208 County Road 3321
Booneville, Mississippi 38829

ELECTRONICALLY FILED
5/25/2011 9:34 AM
CV-2011-900113.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

SUSANNA BURKETT,

      Plaintiff,

v.

THE L.E. MYERS CO., MYR GROUP INC.,
WILLIAM L. "MIKE" JOHNSON, JR., and
LYLE WHITEHEAD,

      Defendants.

CIVIL ACTION NO.:

CV-2011-_____

---

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS TO BE ANSWERED SEPARATELY AND SEVERALLY BY EACH DEFENDANT

---

    Plaintiff, Susanna Burkett, pursuant to Rules 26 and 33 of the Alabama Rules of Civil Procedure, propound the following First Interrogatories to Defendants The L.E. Myers Co., MRY Group Inc., William L. "Mike" Johnson, Jr. and Lyle Whitehead, **to be answered separately by each Defendant**, under oath, within forty-five (45) days of being served with the same.

### DEFINITIONS

    **All abbreviated or shorten terms contained herein shall have the same meaning assigned to them in the Plaintiffs' Complaint.** Unless otherwise indicated, the following terms as used herein shall have the following meanings:

    1.    "COMMUNICATION" means any documents, oral statements, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded in any way or manner transmitted or transferred.

    2.    "DEFENDANT", "DEFENDANTS", "YOU" or "YOUR" refers individually and/or collectively to each Defendant named as a party in this action and any of the party's or parties' attorneys, investigators, employees, agents and all other persons or entities acting on such party's behalf in whatever capacity.

    3.    "DOCUMENT" or "DOCUMENTS" has the meaning given by Rule 34(a)(1) of the Alabama Rules of Civil Procedure and includes, but is not limited in any way to, any written or graphic material, including, but not limited to, accounts, affidavits, agreements, books, books of accounts, checks, contracts, copyrights, correspondence, deeds, diaries, drafts, drawings, interviews, investigations, leases, letters, manuscripts, maps, memoranda, microfilm, microfiche, minutes, notes,

papers, patents, photographs, receipts, records, recordings, records of telephone conversations, regulations, reports, reports of examinations, sound recordings, statutes, summaries of telephone conversations, tapes, telegrams, telexes, transcripts, work sheets, writings of any kind including drafts, originals, copies or photo copies thereof and any information which is stored or carried electronically or on computer equipment, e-mail, tape recordings, cassette recordings, voice mail messages, any other audio recording of any kind, or otherwise.  The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

4.     "PLAINTIFF" refers to Plaintiff Susanna Burkett and any of her attorneys, investigators, employees, representatives, agents and all other persons or entities acting on such party's behalf in whatever capacity.

## FIRST INTERROGATORIES

1.     State the name, address, employment position, and relationship to each Defendant of the person(s) providing information and/or assisting in the preparation of the responses to these interrogatories.

2.     State whether or not the corporate Defendants named as parties in this action are or were the employer of Plaintiff.  If yes, please indicate the same.  If not, please state the formal legal name of the entity who employed Plaintiff.

3.     Identify by (1) full name; (2) last known address; (3) home and mobile telephone number and carrier/company; (4) work e-mail address; and (5) personal e-mail address, all persons known to You and/or Your attorneys who have knowledge of the factual matters relating to this action; and (6) state what you believe to be the substance of each person's knowledge.  These individuals should include any and all persons acting as employees, agents or representatives of the corporate Defendants.

4.     Identify by (1) full name; (2) last known address; (3) home and mobile telephone number and carrier/company; (4) work e-mail address; and (5) personal e-mail address, all employees, agents, and/or representatives of the corporate Defendants who are or were employed in the same office as Plaintiff located in Colbert County, Alabama; and (6) for each individual identified, state his or her title/position with the corporate Defendants.

5.     Identify each and every lawsuit and/or legal or administrative proceeding in which You have been involved within the last 5 years and, for each, state the following: (1) the date of the lawsuit or proceeding; (2) the nature of each lawsuit or proceeding, including a summary of the factual allegations and claims; (3) the nature of your involvement in the lawsuit or action, e.g., the plaintiff, the defendant, the petitioner, a witness, or otherwise; and (4) the outcome of the lawsuit or action.

6.     Pursuant to Rule 26(b)(3) of the Alabama Rules of Civil Procedure, identify and describe the contents of any insurance policy that may provide coverage for any liability or damages that may be awarded against You in this action.

7.     Identify all witnesses You intend to call at the trial of this matter, and give a summary of the subject matter of the testimony of each of them.

8.     Identify each and every document, material, item, and/or thing You intend and/or anticipate presenting as an exhibit or evidence at the trial of this case.  For each document, material, item, and/or thing provide the name and a description of the exhibit or evidence, any party or third-party identified in the exhibit or evidence, the date of the exhibit or evidence, and each and every witness and/or potential witness You expect to testify to the exhibit or evidence.

9.     State the name of each and every expert witness You have retained to assist You with this case and/or that You intend to call at the trial of this case.  As for each such expert witness, state the subject matter by which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion to which the expert is expected to testify.

Respectfully submitted this 25th day of May, 2011.

s/ Douglas B. Hargett
Douglas B. Hargett (HAR278)
dhargett@halltanner.com

s/ G. Rick Hall
G. Rick Hall (HAL043)
rhall@halltanner.com

s/ J. Michael Tanner
J. Michael Tanner (TAN004)
mtanner@halltanner.com

**OF COUNSEL:**

**HALL | TANNER | HARGETT | P.C.**
201 North Water Street
Tuscumbia, Alabama 35674
Telephone:  256-381-7750
Fax:  256-381-4449

**PLEASE SERVE WITH COMPLAINT**

3

ELECTRONICALLY FILED
5/25/2011 9:34 AM
CV-2011-900113.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

SUSANNA BURKETT,

        Plaintiff,

v.

THE L.E. MYERS CO., MYR GROUP INC.,
WILLIAM L. "MIKE" JOHNSON, JR., and
LYLE WHITEHEAD,

        Defendants.

CIVIL ACTION NO.:

CV-2011-_____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BE ANSWERED SEPARATELY AND SEVERALLY BY EACH DEFENDANT

---

      Plaintiff, Susanna Burkett ("Plaintiff"), pursuant to Rules 26 and 34 of the Alabama Rules of Civil Procedure, propound the following First Requests for Production of Documents to Defendants **to be answered separately and severally by each Defendant**. Documents and other materials requested herein are to be produced at the offices of HALL | TANNER | HARGETT | P.C., 201 North Water Street, Tuscumbia, Alabama 35674 within forty-five (45) days of the date of service of this request, or such other or different times as may be mutually agreed upon between undersigned counsel and counsel for Defendants.

### **DEFINITIONS**

      **All abbreviated or shorten terms contained herein that are not defined below shall have the same meaning assigned to them in the Plaintiffs' Complaint.** Unless otherwise indicated, the below terms shall have the following meanings:

      1.     "COMMUNICATION" means any documents, oral statements, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded in any way or manner transmitted or transferred.

      2.     "DEFENDANT", "DEFENDANTS", "YOU" or "YOUR" refers individually and/or collectively to each Defendant named as a party in this action and any of the party's or parties' attorneys, investigators, employees, agents and all other persons or entities acting on such party's behalf in whatever capacity.

3.     "DOCUMENT" or "DOCUMENTS" has the meaning given by Rule 34(a)(1) of the Alabama Rules of Civil Procedure and includes, but is not limited in any way to, any written or graphic material, including, but not limited to, accounts, affidavits, agreements, books, books of accounts, checks, contracts, copyrights, correspondence, deeds, diaries, drafts, drawings, interviews, investigations, leases, letters, manuscripts, maps, memoranda, microfilm, microfiche, minutes, notes, papers, patents, photographs, receipts, records, recordings, records of telephone conversations, regulations, reports, reports of examinations, sound recordings, statutes, summaries of telephone conversations, tapes, telegrams, telexes, text messages, transcripts, work sheets, writings of any kind including drafts, originals, copies or photo copies thereof and any information which is stored or carried electronically or on computer equipment, e-mail, tape recordings, cassette recordings, voice mail messages, any other audio recording of any kind, or otherwise.  The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

4.     "PLAINTIFF" refers to Plaintiff Susanna Burkett and any of her attorneys, investigators, employees, representatives, agents and all other persons or entities acting on such party's behalf in whatever capacity.

## <u>FIRST REQUESTS FOR PRODUCTION</u>

1.     **INSURANCE**: The commitment, policy, face sheet, renewal certificate, declaration page, and premium notice for each liability insurance policy that may cover any Defendant, or its agents, at the time of the events and/or occurrences described in the Complaint ("occurrences"), including, but not limited to, any umbrella, directors and officers, excess policies, and personal homeowner's policies.

2.     **STATEMENTS**: All statements concerning any of the occurrences described in the Complaint that were given by anyone to some individual or entity other than his, her or its attorney, including, but not limited to any parties, witnesses, employees, agents, representatives, or other persons.

3.     **PLAINTIFF'S PERSONNEL FILE/EMPLOYMENT DOCUMENTS**: Plaintiff's full and complete personnel/employee file and any additional documents or materials which relate in any way to Plaintiff's hiring, qualifications, evaluation, assessment, attendance, performance, compensation, payroll records, reports, complaints, discipline, benefits and/or termination.

4.     **FILES/RECORDS/REPORTS**: Any and all documents, materials, reports, records, tapes, transcripts, and/or materials, including but not limited to, files, witness interviews, memorandum, evidence gathered, tapes, statements, exhibits, etc., about any and all complaints or reports made by or against Plaintiff or any Defendant named in this case related to any occurrences alleged in the Complaint and/or for sexual harassment, harassment, failure to follow orders/directives, violation of orders/directive, or any other reason.

2

5.    **INVESTIGATION**: Any and all other documents, materials, reports, records, transcripts, tapes and/or materials of any kind generated as a result of or part of any investigation or communication about any investigation related to the occurrences alleged in the Complaint and/or for sexual harassment, harassment, failure to follow orders, violation of orders, or any other reason at any time.

6.    **PHOTOGRAPHS/TAPES**: Any and all photographs, slides, films, video tapes and audiotapes of Plaintiff, any Defendant and/or any witness or third party taken at any time by any person, including, but not limited to, any Defendant, any of Defendant's agents, and/or attorneys, private investigators and/or other individuals or entities related to any of the occurrences alleged in the Complaint.

7.    **COMMUNICATIONS/DOCUMENTS TO PLAINTIFF**: Any and all documents or materials of any kind which were sent or given to Plaintiff or which record any communication from any Defendant to Plaintiff at any time which concern or discuss in any way Plaintiff, sexual harassment, any allegation or occurrence identified in the Complaint, and/or her performance as an employee. *[Plaintiff requests that any and all electronic records and backups existing on the date these requests are promulgated be preserved and will seek sanctions for spoliation of evidence and an instruction to the jury if any such backups are destroyed at any time prior to trial without court permission]*.

8.    **COMMUNICATIONS/DOCUMENTS FROM PLAINTIFF**: Any and all materials constituting, concerning and/or recording communications of any kind from Plaintiff to any Defendant, any employee of any Defendant and/or any third party related to the allegations or occurrences in the Complaint. *[Plaintiff requests that any and all electronic records and backups existing on the date these requests are promulgated be preserved and will seek sanctions for spoliation of evidence and an instruction to the jury if any such backups are destroyed at any time prior to trial without court permission]*.

9.    **COMMUNICATIONS/DOCUMENTS ABOUT PLAINTIFF**: Any and all documents or materials of any kind which record in any way any communications between or among any or all of Defendants and/or any other person or entity about Plaintiff. *[Plaintiff requests that any and all electronic records and backups existing on the date these requests are promulgated be preserved and will seek sanctions for spoliation of evidence and an instruction to the jury if any such backups are destroyed at any time prior to trial without court permission]*.

10.    **DOCUMENTATION OR ORAL COMMUNICATIONS**: Any and all materials of any kind which constitute in any way documentation of oral communications between Plaintiff and any Defendant or any employee of any Defendant, including, but not limited to, phone records, notes, tapes, diaries, calendars or any other documentation.

11.     **DOCUMENTS RE: PLAINTIFF**: Any and all documents or materials of any kind in any way referring or relating to the Plaintiff in the possession of any Defendant, including notes or memoranda referring or relating to the assessment of her job performance, sexual harassment, and/or any other issue identified in the Complaint.

12.     **PERFORMANCE**: All documents or materials of any kind which any Defendant contends reflect or relate to any job performance deficiency or sufficiency of the Plaintiff at any time.

13.     **DISCIPLINE OF PLAINTIFF**: Any and all documents or materials of any kind pertaining or relating in whole or in part, to any disciplinary actions taken against Plaintiff by any Defendant.

14.     **WARNINGS/CRITICISMS**: Any and all documents or materials of any kind which any Defendant contends record or demonstrate any warnings or criticisms by or on behalf of any Defendant to Plaintiff concerning her performance or otherwise.

15.     **PATTERNS OF BEHAVIOR**: Any and all documents or materials of any kind which record, communicate and/or demonstrate any patterns of behavior of any of the individual Defendants taking breaks at the same time as Plaintiff, going to lunch with Plaintiff, following Plaintiff at or around the office or to her car or otherwise attempting to be around Plaintiff at work.

16.     **COMMENDATIONS/AWARDS**: Any and all documents or materials of any kind which any Defendant contends record or demonstrate any commendations, positive performance and/or awards to Plaintiff concerning her performance.

17.     **RULES/REGULATIONS/POLICIES/PROCEDURES**: Any and all rules, regulations, policies and/or procedures of any of Defendants, which have been in effect at any time from January 1, 2009 to present, whether or not they related to any party in this case, including, but not limited to, documents that involve or related to an issue raised in the Complaint and/or relate to any of the following:

      a)     Sexual harassment, whether of fellow employees and/or members of the public;

      b)     Discrimination of any sort, including but not limited to discrimination based on sex, race, age or disability, whether directed at fellow employees and/or members of the public;

      c)     Training concerning discrimination, sexual harassment, civil rights or constitutional rights;

      d)     Procedures for filing a complaint about the behavior of an employee, whether by a fellow employee or a member of the public;

e)      Discipline for sexual harassment and/or discrimination; and/or

f)      Investigation of complaints against any employees.

18.    **TRAINING MATERIALS**: Any and all materials of any kind used at any time since January 1, 2009, to train, inform or otherwise communicate to personnel employed by Defendants any of the following:

a)      Title VII of the Civil Rights Act of 1964;

b)      42 U.S.C. 1983;

c)      Sexual harassment; and

e)      Sexual discrimination.

19.    **MEMORANDUMS/PERSONNEL DIRECTIVES**: Any and all personnel orders, memoranda, or directives of any Defendants prepared, in effect or disseminated at any time from January 1, 2009, to present, which related to or concern Plaintiff, any Defendant in this case, and/or any or all of the following issues:

a)      Sexual harassment, whether of fellow employees and/or members of the public;

b)      Discrimination of any sort, including but not limited to discrimination based on sex, race, age or disability, whether directed at fellow employees and/or members of the public;

c)      Training concerning discrimination, sexual harassment, civil rights or constitutional rights;

d)      Procedures for filing a complaint about the behavior of an employee, whether by a fellow employee or a member of the public;

e)      Discipline for sexual harassment and/or discrimination; and or

f)      Investigation of complaints against employees.

20.    **E-MAIL, VOICE MAIL, RECORDED PHONE CALLS, MOBILE DATA**: Any and all e-mail, voice mail, text messages, and recorded phone calls; printouts and/or written or hard copy memorializations of same; audiotapes of same; backups of same to or from any Defendant or Plaintiff in this case and/or concerning Plaintiff, any Defendant and/or any issue in this case at any time from January 1, 2009 to present. *[Plaintiff requests that any and all electronic records and*

5

*backups existing on the date these requests are promulgated be preserved and will seek sanctions for spoliation of evidence and an instruction to the jury if any such backups are destroyed at any time prior to trial without court permission].*

21.     **SUPERVISORY/EMPLOYEE HANDBOOKS**: Any and all supervisory and/or employee handbook(s) or manual(s) in effect at any time during Plaintiff's employment with Defendants.

22.     **POLICYMAKING AUTHORITY**: Any and all documents of any kind which delineate, explain and/or record in any way any policy-making authority, structures and/or procedures put in place, adopted, ratified or followed by any Defendant.

23.     **POLICYMAKING AUTHORITY**: Any and all documents of any kind which delineate, explain,and/or record in any way any policy-making authority possessed by any individual Defendant and any formal or informal grant of authority to any individual Defendant to set policies of any kind for or on behalf of the corporate Defendants.

24.     **COMPLAINTS/COMMUNICATIONS ABOUT DISCRIMINATION**: Any and all documents of any kind which constitute, record or concern any complaint/communication to any Defendant at any time from any person or employee of the corporate Defendants, discriminatory treatment or harassment of any kind whether or not such complaint/communication resulted in any formal action or investigation.

25.     **FILES/RECORDS/REPORTS**: Any and all documents, materials, reports, records, and/or materials contained in the files, including, but not limited to, witness interviews, memoranda, evidence gathered, exhibits, etc., about any and all complaints or reports made by any person at any time against any employee of any Defendant for sexual harassment, harassment, battery and/or assault.

26.     **DOCUMENTS CONCERNING TRAINING PROGRAMS**: Any and all documents of any kind which constitute, record or concern any training programs implemented or requested at any time for personnel or employees of any Defendants, whether or not attendance at such programs was mandatory or voluntary on behalf of personnel or employees concerning:

> a)      Sex discrimination;
>
> b)      Sexual harassment;
>
> c)      Title VII; and/or
>
> d)      Section 1983.

27.    **HUMAN RELATIONS OFFICE**: Any and all documents, materials, reports, records, and/or materials contained in the files of the Human Relations Office or and/or produced at any time by the Human Relations Office concerning all complaints or reports made by any person at any time against any employee of Defendants, including, but not limited to, any Defendant named in this case for sexual harassment, harassment, discrimination, battery and/or assault; investigation of same; evaluation of the human relations programs and/or response to complaints of sexual harassment and/or discrimination; recommendations for training programs; recommendations re: improving the climate for female employees; and/or recommendations for action against any employee, including but not limited to, any Defendant.

28.    **LIST OF EMPLOYEES**: A list of all individuals employed by the corporate Defendants in Colbert County, Alabama, from January 1, 2009 to present, and their job titles and last known address and telephone number.

29.    **LIST OF ORGANIZATION CHART**: A list of all individuals employed by the corporate Defendants in the hierarchy above and below Plaintiff up to and including the President, CEO or Board of Directors of the corporate Defendants.

30.    **ATTENDANCE SHEETS**: All attendance sheets and/or timecards for all employees of Defendants in Colbert County, Alabama, from January 1, 2009 to present.

31.    **PERSONNEL FILES - COLBERT COUNTY**: The complete personnel files for all individuals employed by the corporate Defendants in Colbert County, Alabama, at any time from January 1, 2009 to present, including but not limited to, Defendants Whitehead and Johnson, and any additional records not contained within those files concerning performance evaluations, disciplinary action of any kind, and/or complaints of any kind, including, but not limited to, sexual harassment or discrimination.

32.    **PERSONNEL FILES - ALL**: The complete files for all individuals employed by Defendants at any time who were terminated, disciplined in any way, received oral or written warnings and/or were the subject of complaints concerning sexual harassment, harassment of any kind and/or discrimination and any additional records not contained within those files concerning performance evaluations, disciplinary action of any kind, and/or complaints of any kind, including but not limited to sexual harassment or discrimination.

33.    **MINUTES/TRANSCRIPTS/NOTES**: Any and all minutes, notes, transcripts or evidence of any kind created, presented or discussed in any formal or informal meeting concerning the incidents alleged in Plaintiff's Complaint or that relate in any way to Plaintiff.

34.    **WARNINGS, REPRIMANDS**: Any and all documents or materials which show in any way warnings, reprimands or action of any sort taken against any member or employee of Defendants, including, but not limited to, Defendants Johnson and/or Whitehead, at any time for sexual harassment, harassment, assault, battery or behavior which would constitute such offenses.

35.     **COMPLAINTS**: Any and all documents which show in any way complaints of any sort made at any time against any member or employee of Defendants, including, but not limited to Defendants Johnson and/or Whitehead, at any time for sexual harassment, harassment, assault, battery, or behavior which would constitute such offenses.

36.     **MATERIALS OF A SEXUAL NATURE**: Any materials of a sexual nature brought into Defendants' facility by any member, employee, or patron at any time or a detailed description of any materials disposed of.

37.     **SEXUAL/DATING RELATIONSHIPS AND FRIENDSHIPS BETWEEN EMPLOYEES**: Any and all policies, procedures, rules, regulations, or other materials which memorialize any customs or understandings regarding sexual/dating relationships or friendships between employees of Defendants in existence from January 1, 2009 to present.

38.     **STANDARDS OF CONDUCT**: Any policies, procedures or documents of any kind which constitute or concern standards of conduct for employees of Defendants in existence from January 1, 2009 to present.

39.     **COMPLAINT PROCEDURE**: Any and all policies, procedures or documents of any kind which show or concern the channels through which employees of Defendants were to go should they have any complaints, whether related to sexual harassment, harassment or otherwise.

40.     **COMPENSATION/BENEFITS**: Any and all documents concerning any compensation or benefits of Plaintiff Burkett, including but not limited to, salary, paid vacations, unpaid vacations, sick leave, health insurance, disability insurance, etc. paid or available to Plaintiff from January 1, 2009 to present.

41.     **EMPLOYMENT ADS/NOTICES**: Any and all employment ads, notices, job announcements, internal posting or any other materials of Defendants seeking applicants from January 1, 2009 to present.

42.     **PROMOTIONS**: Any and all materials, notices, announcements, internal postings, memos or other materials of Defendants concerning the method by which employees could obtain promotions and/or solicited individuals interested in promotions at any time from January 1, 2009, to present.

43.     **TERMINATION**: Any and all documents related to Plaintiff's termination from her employment position with the corporate Defendants, and any documents showing any other employees who were terminated at this same time.

44.     **ANSWER TO COMPLAINT**: Any and all documents or materials of any kind relied upon by any Defendant in denying, in whole or in part, any of the allegations in the Complaint or that support any defense of any Defendant.

8

45.     **MATERIALS USED IN ANSWERING INTERROGATORIES**: Any and all documents or materials of any kind referred to, relied upon or identified by any Defendant in answering Plaintiff's Interrogatories.

46.     **RECORD RETENTION POLICIES**: Any and all record retention policies of the corporate Defendants in place at any time from January 1, 2009 to present.

47.     **EXPERT MATERIAL**: All reports, memoranda, correspondence, notes and/or other documents created by or examined by any expert, including tests, calculations, and studies performed by such expert pertinent to this case.

Respectfully submitted this 25th day of May, 2011.


s/ Douglas B. Hargett
Douglas B. Hargett (HAR278)
dhargett@halltanner.com

s/ G. Rick Hall
G. Rick Hall (HAL043)
rhall@halltanner.com

s/ J. Michael Tanner
J. Michael Tanner (TAN004)
mtanner@halltanner.com

**OF COUNSEL:**

**HALL | TANNER | HARGETT | P.C.**
201 North Water Street
Tuscumbia, Alabama 35674
Telephone:  256-381-7750
Fax:  256-381-4449


**PLEASE SERVE WITH COMPLAINT**